18  119
18  871

KENNELLY, RESPONDENT, *v.* SAVAGE ET AL., APPELLANTS.

[Submitted March 10, 1896.  Decided March 30, 1896.]

MARRIED WOMEN—*Separate property—Conveyance—Repeal of statute.*—Section 1448, Fifth Division of the Compiled Statutes, conferring upon a married woman the same right to convey her separate real estate that a married man has, being a subsequent enactment, repealed, in so far as it is repugnant thereto, section 254, *Id.,* providing that a married woman may convey her real estate by any conveyance executed and acknowledged by herself and her husband, and therefore the failure of the husband to join in a lease by the wife of her separate property does not render the conveyance void.

EVIDENCE—*Writing—Impeachment.*—Where, in an action on a bond, letters purporting to have been written to the plaintiff by the principal defendant are introduced by the plaintiff for the purpose of impeaching him, and the letters affected the liability of the defendant sureties, it was error to refuse to allow the sureties to prove by their principal that while the letters were signed by him, they were written by another at the suggestion of the plaintiff, and the purpose for which they were so written.

*Appeal from Sixth Judicial District, Park County.*

ACTION on a bond.  Judgment was rendered for the plaintiff below by HENRY, J.  Reversed in part.

Statement of the case by the justice delivering the opinion.

It appears from the record that the plaintiff is a married woman; that she is the owner of what is known as the "Albemarle Hotel" property in the town of Livingston, in Park county; that on the 1st day of May, 1890, plaintiff leased said property to defendant C. W. Savage for the term of three years from that date, at the yearly rental or sum of $10,800, to be paid in advance in equal monthly installments of $900; that the lease was in writing; that in the execution thereof the plaintiff's husband did not join; that on the 27th day of May, 1890, the defendant Savage executed his bond to the plaintiff in the sum of $10,000, conditioned for the payment of the rent of the leased premises, and that the other defendants executed and signed said bond as the sureties of the defendant Savage; that the defendant Savage failed and neglected to pay the rents due on said leased premises in accordance with the terms of the lease.

This action is brought against the defendants on the bond to recover the amount claimed to be due from defendant Savage as rent of the premises.

The defendant Savage and his bondsmen answer separately, but all to the same effect substantially, denying that the plaintiff was the owner of the property mentioned in the complaint in her sole and separate right, and alleging that the property belongs to the plaintiff and her husband. The defendants also allege that at about the time of the execution of the lease and bond sued on defendant Savage and one E. C. Waters entered into copartnership to conduct and carry on the hotel business in the premises mentioned in the complaint under and in the firm name of C. W. Savage & Co.; that said copartnership was formed and conducted with the knowledge and consent of plaintiff, and without the knowledge and consent of the defendant bondsmen, the bondsmen contending that they were thereby released from any and all obligations on and under said bond.

The affirmative allegations of the answers are denied by the replication. The case was tried without a jury, and judgment rendered by the court in favor of the plaintiff in the sum of $3,700. From the judgment and order refusing a new trial the defendants separately—Savage and his bondsmen—appeal.

*Campbell & Stark*, for Appellants.

A lease for a period longer than one year is a conveyance as contemplated by section 270, Fifth Division of the Compiled Statutes. (*Jones* v. *Marks*, 47 Cal. 242.) This being a conveyance of real estate, and not executed as provided in section 254, *Id.*, is void. (*Jackson* v. *Torrence*, 23 Pac. 695; *Nell* v. *Dayton*, 45 N. W. 229; *Bollinger* v. *Manning*, 79 Cal. 7; *Morrison* v. *Wilson*, 13 Cal. 495; *Landers* v. *Bolton*, 26 Cal. 393.) The best that can be claimed by the respondent is that section 1448 and 1450 repeal section 254 by implication. Repeals by implication are not favored. (23 Am. & Eng. Ency. of Law, 489; *United States* v. *Buffalo Robes*, 1

Mont. 489; *Lane* v. *Commissioners of Missoula County*, 6
Mont. 473.) If the lease is void no action can be maintained
upon it by either the lessee or lessor to enforce its terms.
The only action which could be maintained would be for the
use and occupation of the premises. (*Utah Loan & Trust Co.*
v. *Garbutt*, 23 Pac. 758; *Anderson* v. *Critcher*, 37 Am. Dec.
72; *Nash* v. *Binkam*, 83 Ind. 536; *Evans* v. *Winona Lumber
Co.*, 16 N. W. 404; *Folsom* v. *Perrin*, 2 Cal. 603; *Carlton* v.
*Williams*, 19 Pac. 185.) If the respondent and her agent
knew that Waters occupied the premises as the partner of
Savage and thereafter as sole tenant, this would constitute a
good defense as to the sureties upon the bond, as it would
make the bondsmen sureties for persons for whom they never
contracted to become such. (*The Crescent Brewing Co.* v.
*Handley*, 7 So. 912; *Bragg*, v. *Shain*, 49 Cal. 131; *Kressing*
v. *Alspaugh*, 91 Cal. 233; *Miller* v. *Stewart*, 9 Wheat (U. S.)
704; *People's Savings Bank* v. *Alexander*, 21 Atl. Rep. 248;
*Koenig* v. *Miller Bros. Brewing Co.*, 38 Mo. Ct. App. 183;
*Quillen* v. *Arnold*, 12 Nev. 234; *Truckee Lodge* v. *Wood*, 14
Nev. 293.) The sureties should have been permitted to show
that the letters signed by Savage and directed to respondent
were in fact written by Waters at the suggestion of respond-
ent and her agent, and signed by Savage, so that there would
be no release of the sureties on the bond. If the respondent
or her agent entered into any private understanding or agree-
ment which would be to the detriment of the sureties, and so
that these letters could be used in evidence against them, they
should have been permitted to show the existence of these
facts.

*Smith & Word*, for Respondent.

PEMBERTON, C. J.—The appellants contend that the lease
from plaintiff to Savage was void because not acknowledged
by her, and because her husband did not join with her in the
execution thereof; and that, the lease being void, no action
can be maintained on the bond given for the fulfillment of the
terms and conditions thereof.

Counsel for appellants contend that the lease in this case is a conveyance under the provision of section 270, Division 5 of the Compiled Statutes, 1887.

Section 254, Division 5 of the Compiled Statutes, 1887, is as follows: "Section 254. A married woman may convey any of her real estate by any conveyance thereof, executed and acknowledged by herself and by her husband, and certified in the manner hereinafter provided by the proper officer taking the acknowledgment."

Counsel for appellants contend that, as the lease was not executed and acknowledged in accordance with this section by her husband joining with her in the execution thereof, it was void, and no action would lie on the bond given for the fulfillment of the terms thereof.

Since the enactment of the sections above referred to, the law in relation to the rights and powers of married women in this state has been radically changed. On the 3d day of March, 1887, an act of our legislature was approved, entitled "An act to declare and protect the legal and personal identity of married women." This act is popularly denominated "the married woman's emancipation act." On the 7th day of March, 1887, an act of our legislature was approved, entitled "An act concerning the rights of married women." Section 7 of the last act, which is section 1448, Division 5 of the Compiled Statutes, 1887, and which was in force when the lease in this case was executed, is as follows: "Section 1448. That a married woman may make contracts, oral or written, sealed or unsealed, and may waive or relinquish any right or interests in any real estate, either in person or by attorney in the same manner, to the same extent and with the like effect as a married man may do."

Statutes like ours, extending the rights and enlarging the powers of married women, have received frequent interpretation by the supreme court of Massachusetts. The supreme court of that state holds that such statutes radically change the law of the statutes relied upon by counsel for the appellants in this case. See *Harmon* v. *Railroad Co.* (Mass.), 42 N. E. 505, and cases cited.

We think section 1448, quoted above, confers upon a married woman the same right to convey her separate real estate, or relinquish any interest therein, that a married man has. It would not be contended that a married man cannot convey any title, interest or estate in real property he owns without his wife joining him in the execution of the conveyance, except, perhaps, the homestead. We think section 1448 repealed section 254, quoted above, and relied on by counsel for appellants, in so far as it is repugnant thereto. We think, therefore, the lease of plaintiff to Savage was not void as contended for by counsel for appellants.

The defendant bondsmen allege in their answer that E. C. Waters and defendant Savage formed a copartnership to conduct the hotel business in the leased premises under the firm name of C. W. Savage & Co., with the knowledge and consent of plaintiff, and without the knowledge and consent of said bondsmen, about the time the bond sued on was executed; and that the bondsmen were thereby released from any obligation on the bond. There was some evidence tending to support this allegation offered by the appellants on the trial. In re-rebuttal of such evidence, and for the purpose of impeaching the testimony of Savage and Waters, and to show knowledge on the part of the bondsmen of the existence of said firm and its occupancy of the premises, plaintiff introduced certain letters written to her by Savage. The appellants then sought to have Savage explain said letters, to show that they were written by Waters at the suggestion of plaintiff or her agent, and signed by Savage, so that there would be no release of the sureties on the bond. The court refused to permit the witness Savage to so explain, or give any explanation of the letters. Respondent's counsel, in their brief, say these letters were offered for the purpose of impeaching the witnesses Savage and Waters. If so, the witnesses had a right to explain them, and the action of the court in refusing to allow the witnesses to explain was error.

Counsel for respondent contend that it was immaterial as to who wrote the body of the letters, inasmuch as Savage signed

them, and assented to their contents.    This may be true as far as defendant Savage himself is concerned.    But his bondsmen contend that Waters wrote the letters at the suggestion of the plaintiff or her agent, and Savage signed them, and that the letters were so written for the purpose of concealing the connection of Waters with Savage in the hotel business in the leased premises in order not to release the bondsmen from their liability on Savage's bond.    If this contention be true, then it became vitally material to the bondsmen to show the circumstances under which the letters were written, and for what purpose.    These things they had a right to show, if they could, by having Savage explain why, for what purpose, and under what circumstances the letters were written. .

On account of the action of the court in refusing to permit the witnesses to explain these letters, we think the judgment against the defendant bondsmen, and order refusing them a new trial, should be reversed.

The judgment against C. W. Savage, and the order of the court refusing him a new trial, are affirmed.    As to all of the defendants except Savage the judgment and order appealed from is reversed, and the cause remanded for new trial.

· *Reversed.*

DE WITT, and HUNT, JJ., concur.